42 F.3d 1398
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert BERCU; Darline Bercu, Plaintiffs-Appellees,
v.
POTOMAC INSURANCE COMPANY, Defendant-Appellant.
 No. 93-55720.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 1, 1994.
Decided Nov. 30, 1994.
 
 Before: GIBSON,* HUG, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant, Potomac Life Insurance Co. ("Potomac"), appeals the district court's grant of summary judgment in favor of appellees, Robert and Darlene Bercu ("Bercus") on the issue of whether Potomac was obligated to defend the Bercus under the coverage provisions of an error and omissions insurance policy issued by Potomac. We review de novo. T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 629 (9th Cir.1987).
 
 
 3
 As the reviewing court, we are not bound by the trial court's construction of an insurance contract where that construction was not based on the credibility of conflicting extrinsic evidence. Milazo v. Gulf Ins. Co., 274 Cal.Rptr. 632, 636 (Ct.App.1990). This court may therefore make an independent interpretation of the written contract as applied to these facts. Aetna Casualty & Sur. Co. v. Pintlar Corp., 948 F.2d 1507, 1511 (9th Cir.1991). The term "insured" is defined under the policy issued by Potomac as follows:
 
 
 4
 1. The Insured: The word "Insured," whenever used in this policy, means:
 
 
 5
 (a) the Named Insured defined herein as the firm or persons named in Item 1 of the Declarations;
 
 
 6
 Item 1 of the declarations states as follows:
 
 
 7
 1. Named Insured: Joan Betts Diplarakos, General Partner, Both First Home Realtors, Inc. & First Home Investments, a Ltd. Partnership and those individuals listed in question No. 5 of the application.
 
 
 8
 When Potomac decided to defend Diplarakos, it must have done so because of her status as an insured under the policy. The district court correctly noted that Diplarakos is not insured in her individual capacity, but rather in her capacity as general partner of FHI, a limited partnership. When a partnership is a named insured under an insurance policy, the partners of that partnership are covered by the policy, at least for liabilities incurred in their capacity as partners. See, e.g., Quetnick v. McCanell, 315 P.2d 718, 722 (Cal.App.1957); see also Ticor Title Ins. Co. v. American Resources, 859 F.2d 772, 774 (9th Cir.1988) (noting that California law recognizes that insuring joint venture covers liability of individual partners or joint venturers).
 
 
 9
 Potomac argues that reading the coverage provisions to include the Bercus renders other provisions of the policy meaningless. The language of the policy, however, does not clearly limit the scope of coverage to the partnership as an entity or to those partners specifically named therein. Rather, the policy language leaves open the reasonable inference that all members of the named partnership are covered by the policy. California law requires courts to construe ambiguous policy language against the insurer, especially when pertaining to coverage. Consolidated Am. Ins. Co. v. Mike Soper Marine Serv., 942 F.2d 1421, 1424 (9th Cir.1991). Because the Bercus were partners in FHI, and FHI is clearly a named insured under the coverage provisions of the policy, the Bercus are also named insureds under the policy.
 
 
 10
 It is also clear that an insurer's duty to defend those persons named as insureds in the policy is broader than the actual duty to indemnify. Horace Mann Ins. Co. v. Barbara B., 846 P.2d 792, 795 (Cal.1993). Doubt as to whether an insurer must defend is resolved in favor of the insured. Consolidated Am. Ins., 942 F.2d at 1424. In the present case, Potomac initially sought to avoid defending the third party action by asserting certain affirmative defenses against Diplarakos and the Bercus. Later, Potomac waived its right not to defend Diplarakos by providing her a defense under the terms of the policy. Potomac reserved its right to assert its defenses at a later date if Diplarakos were found liable in the third party action. Potomac also sought to retain its right to refuse to defend the Bercus. However, because Diplarakos was not insured in her individual capacity, Potomac's decision to defend her was actually a decision to defend the partnership. The decision to defend the partnership applies to all members of the partnership, not just Diplarakos. Potomac cannot arbitrarily parse the partnership, defending some partners while not defending others.
 
 
 11
 We affirm the holding of the district court that Potomac breached its duty to defend the Bercus. The district court's judgment awarding $450,000 in damages to the Bercus is also affirmed.
 
 
 12
 AFFIRMED.
 
 
 
 *
 Honorable Floyd R. Gibson, Senior United States Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3